# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 10, 2010

No. 08-30993

Lyle W. Cayce
Clerk

In the Matter of: ROY FRISCHHERTZ CONSTRUCTION CO. INC.,

Debtor.

---

AUDUBON COMMISSION,

Appellant–Cross-Appelle,

v.

ROY FRISCHHERTZ CONSTRUCTION CO. INC.,

Appellee–Cross-Appellant,

OHIO CASUALTY INSURANCE CO.,

Appellee.

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:08-CV-89
USDC No. 2:07-CV-9426

---

Before DAVIS, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-30993

The judgment of the bankruptcy court is reversed in part and we remand for the following reasons:

1. Section 14.1.1 of the construction contract requires only an actual work stoppage of thirty consecutive days following a government act or acts that require work to be stopped.  The bankruptcy court did not clearly err when it determined that the August 28, 2005, "Promulgation of Emergency Orders," which instituted a mandatory evacuation of "all of the Parish of Orleans," required work to be stopped and that "it was not possible for RFCC to man the Audubon project" for thirty consecutive days following the evacuation order.

2. The bankruptcy court properly denied Audubon its completion costs and proof of claim in the main bankruptcy proceeding.

3.  The bankruptcy court did not abuse its discretion in excluding Roy Frischhertz, III's video deposition testimony from evidence at trial.

4. The bankruptcy court did not err in its determination that the evidence was insufficient to support RFCC's claim to compensation for lost overhead and profit in addition to recovery of the contract price for work actually completed.

5. The bankruptcy court erred in determining that RFCC was not entitled to the retainage withheld by Audubon.  "Retainage is a portion or percentage of payments due for the work completed on a contract that is held back until the entire job is completed satisfactorily."[1]  As is typical in construction contracts,[2] the agreement between RFCC and Audubon provided for monthly progress payments and withholding of retainage.

Under the terms of the contract, RFCC has the right to recover retainage after termination.  Specifically, § 14.1.3 provides:

---

[1] *Quality Design & Constr., Inc. v. City of Gonzales ex rel. Berthelot*, 06-2211, p. 2 n.1 (La. App. 1 Cir. 11/28/07); 977 So. 2d 87, 88 n.1.

[2] *See State v. Laconco, Inc.*, 430 So. 2d 1376, 1381-82 (La. Ct. App. 1983).

2

No. 08-30993

> If one of the reasons described in Section 14.1.1 or 14.1.2 exists, the Contractor may, upon seven days' written notice to the Owner and Architect, terminate the Contract and recover from the Owner payment for Work executed and for proven loss with respect to materials, equipment, tools, and construction equipment and machinery, including reasonable overhead, profit and damages.

Because RFCC properly terminated the contract, this section unequivocally entitles RFCC to "payment for Work executed," irrespective of substantial completion.  Therefore, this section allows RFCC to recover the contractually agreed upon compensation for completed work.  Because retainage is simply 5% of the compensation properly due, the plain language of the provision allows RFCC to recover retainage.  RFCC is entitled to retainage.

\* \* \*

REVERSED in part and REMANDED.